**Danny KIM, Petitioner–Appellant,**

v.

**W.L. MONTGOMERY, Acting Warden, Respondent–Appellee.**

No. 12–56894.

United States Court of Appeals, Ninth Circuit.

Submitted May 4, 2015.*

Filed May 26, 2015.

Stephanie Marie Adraktas, Law Office of Stephanie Adraktas, Berkeley, CA, for Petitioner–Appellant.

Danny Kim, pro se.

William N. Frank, Deputy Attorney General, Richard Sean Moskowitz, Deputy Attorney General, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

MEMORANDUM **

Daniel Kim appeals the district court's denial of his habeas corpus petition, in which he claimed his right to a fair trial by an impartial jury was violated because a juror intentionally concealed during voir dire her son's conviction for a gang-related crime. We have jurisdiction under 28 U.S.C. § 2253. We review de novo a district court's denial of a habeas petition, *Stanley v. Cullen,* 633 F.3d 852, 859 (9th Cir.2011), and we affirm.

The district court did not err in rejecting Kim's actual bias claim. The "remedy for allegations of juror partiality is a hearing where the defendant has the opportunity to prove actual bias." *Smith v. Phillips,* 455 U.S. 209, 215, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982); *see Fields v. Brown,* 503 F.3d 755, 773 (9th Cir.2007) (en banc); *see also* 28 U.S.C. § 2254(d)(1). The trial court conducted such a hearing, and the state court's reliance on it was reasonable. *See* § 2254(d)(1). Moreover, the state court's decision was not an unreasonable determination of the facts. *See* § 2254(d)(2). The decision was based on the general lack of similarity between Kim's case and Juror 1's son's case, other than the gang connection, and Kim's failure to show that Juror 1 lied to be empan-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

eled as a juror or was biased against gangs. This was reasonable given Juror 1's testimony in the post-trial hearing.

The district court also did not err in rejecting Kim's implied bias claim because there is no clearly established Supreme Court precedent regarding implied bias. *See Harrington v. Richter*, 562 U.S. 86, 100, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011); *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir.2004); *see also Hedlund v. Ryan*, 750 F.3d 793, 808 (9th Cir.2014). The state court could not have unreasonably applied clearly established Supreme Court precedent if no such precedent exists. *See Brewer*, 378 F.3d at 955.

For the first time on appeal, Kim argues that he is entitled to relief under *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984). Because Kim failed to raise the issue before the district court, the argument is waived. *See United States v. Flores–Montano*, 424 F.3d 1044, 1047 (9th Cir.2005) ("[I]ssues not raised to the district court ... are deemed waived.").

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.